NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THERESA KIMES, Individually and as Guardian Ad Litem for her minor daughter R.K., <br><br>             Plaintiff-Appellant, <br><br>   v. <br><br> KATHRYN MATAYOSHI, in her official capacity as Superintendent of the State of Hawaii Department of Education; NICOLE CARLSON; BURT NAKAMOTO; PETER TOVEY; STATE OF HAWAII DEPARTMENT OF EDUCATION, <br><br>             Defendants-Appellees. | No.   18-16249 <br><br> D.C. No. 1:16-cv-00264-JMS-RLP <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief District Judge, Presiding

Submitted October 24, 2019[**]
Honolulu, Hawaii

Before:  GRABER, M. SMITH, and WATFORD, Circuit Judges.

---

       [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

**1.** To recover damages on her Rehabilitation Act claim against the Department of Education (DOE), Theresa Kimes was required to show not only that school officials denied R.K. a reasonable accommodation, but also that they did so with deliberate indifference. *Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008). To prove deliberate indifference, Kimes had to show that DOE (1) knew that its actions would likely result in a violation of R.K.'s right to an equal public education and (2) took those actions anyway. *Mark H. v. Hamamoto*, 620 F.3d 1090, 1102 (9th Cir. 2010). The jury returned a special verdict that found DOE did not act with deliberate indifference. The jury's finding is supported by substantial evidence.

Kimes alleged that school officials denied R.K. a reasonable accommodation in four different respects. First, she argued that DOE adopted a Behavior Support Plan (BSP) that inappropriately authorized the use of restraints and that DOE did so without input from R.K.'s previous school. However, the jury heard testimony that DOE met monthly with administrators from R.K.'s previous school in the lead-up to creating its own BSP, and that DOE justified its authorization of restraints in part because R.K.'s new school had 350 students, whereas her former school had only 10. DOE also offered evidence that Kimes herself had attended the meeting at which R.K.'s BSP was developed and the restraint techniques were authorized, and that Kimes had raised no objection. Relying on this evidence, the

jury could reasonably have concluded that DOE thought its BSP would adequately protect R.K.'s rights.

Second, Kimes alleged that DOE denied R.K. a reasonable accommodation when school officials forcibly restrained her on March 10, 2016. Several witnesses testified that this decision responded to R.K.'s verbal and physical threats to kill herself and occurred after half an hour of attempted de-escalation. The jury could reasonably have concluded that school officials decided to restrain R.K. to protect her, and thus meant to further her right to safe education, not hinder it.

Third, Kimes alleged that DOE took impermissible disciplinary action against R.K. for behavior stemming from her disability. The Supreme Court has held that, "where a student poses an immediate threat to the safety of others, officials may temporarily suspend him or her for up to 10 schooldays" without violating the Individuals with Disabilities Education Act. *Honig v. Doe*, 484 U.S. 305, 325 (1988). The jury heard that the disciplinary actions taken against R.K. amounted to no more than two isolated half-day suspensions, both on days when R.K. had acted violently toward others. The jury thus could reasonably have found that DOE believed these suspensions did not violate R.K.'s federally protected rights.

Fourth, Kimes challenged DOE's decision to prohibit R.K.'s nurse from accompanying her onto campus on March 11, 2016. DOE employees testified that

the school had a back-up nurse that day and that officials were in the process of communicating with R.K.'s previous school to request that they send another nurse. This testimony supports a finding that DOE did not know it was likely R.K. would be deprived of her right to a safe education, but rather intended that she receive necessary support from these other nurses.

Ample evidence supports the jury's determination that DOE was not deliberately indifferent to R.K.'s needs. The district court therefore correctly denied Kimes' motion for judgment notwithstanding the verdict.

A similar analysis governs the district court's denial of Kimes' motion for a new trial. New trials should be granted when the jury's "verdict is contrary to the clear weight of the evidence." *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001) (internal quotation marks omitted). Because the jury's verdict was supported by substantial evidence, the district court did not abuse its discretion in denying Kimes' request for a new trial. *See Hung Lam v. City of San Jose*, 869 F.3d 1077, 1085 (9th Cir. 2017).

**2.** We affirm the district court's grant of summary judgment to defendants on Kimes' state law claims. Under Hawaii law, state officials are shielded by a conditional privilege unless they act with malice. *Towse v. State*, 647 P.2d 696, 701–02 (Haw. 1982). We need not decide whether Kimes is correct that deliberate indifference suffices to show malice for purposes of overcoming a conditional

privilege. *Cf. Awakuni v. Awana*, 165 P.3d 1027, 1042 (Haw. 2007). At the summary judgment stage, Kimes relied on the same evidence to establish deliberate indifference that she later presented at trial to prove her Rehabilitation Act claim. As discussed above, the jury expressly found that evidence was insufficient to establish deliberate indifference, a finding that is amply supported by the trial record. Thus, the individual officials are shielded from liability on Kimes' state law claims, so those claims would have failed had the district court permitted them to go to trial.

**AFFIRMED.**